62,950-01

# In The Court of Criminal Appeals of Texas

Abel Acosta. Clerk
P.O. Box 12308,
Capitol Station
Austin, Texas 78711

Timothy Lee Berry
TDCJ# 1806479
Coffield Unit
2661 FM 2054
Tennessee Colony, Tx 75884

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 27 2015

Abel Acosta, Clerk

Dear Clerk,

Please find enclosed an application for issuance of a Writ of Mandamus in Cause Number. 1307915A in the 176th District Court, pursuant to Texas Gov. 22.221 (A)(B). Tex. C.CR. Proc. Art. 4.0481. Tex. Const. Art. 5 §5 under Martin v. Hamlin 25 S.W. 3d 718. Also with inmate declaration, and certificate of service.

Respectfully, Submitted

Timothy Lee Berry
Timothy Lee Berry

In The Court of Criminal Appeals of Texas
Cause number 1307915A

In RE: Timothy Lee Berry #01806479
Coffield Unit
2661 FM 2054
Tennessee Colony, Tx. 75884,

Relator

VS.

Shawna L. Reagin
176th District Court Judge,
Of Harris County, Texas
P.O. Box 4651
Houston, Texas 77210-4651,

Respondent

Application for issuance of a Writ of Mandamus
by The Court of Criminal Appeals of Texas
Pursuant to V.T.C.A Government Code § 22.221
(A)(B).

To the Honorable Justices of The Court.

I, Timothy Lee Berry, declare under the penalty of perjury that a true and correct copy of the foregoing was served upon: Shawna L. Reagin, at the address listed above on 2-23-15.

## Grounds and Jurisdiction for issuance of Writ

Now comes, the relator Timothy Lee Berry prose, and he does hereby invoke the jurisdiction of of This Court of Criminal Appeals to issue a Writ of Mandamus pursuant to Vernon's anin. Texas C.C.P. Art. 4.04 §1; Vernon's Anin. Texas Constitution Art. 5§5. and set forth the following reasons for issuance of a Writ of Mandamus.

The relator's 11.07 Writ of habeas corpus was filed on 11-05-14. and the Judge Made an order in this case on: 11-14-14. which Mandated that no documents would be transfered to the Court of Criminal Appeals until an affidavit from the trial's counsel was received. The court appointed attorney was given thirty days to submit this affidavit, which made the dead-line. 12-14-14. It is sixty days and over, now, and no affidavit has been filed, nor a Motion for an extension time. This violates Timothy Lee Berry's right to due process, being that a trial Court has only thirty five days to transmit a 11.07 Writ of habeas corpus to the Court of Criminal Appeals, unless an order has been Made. An order has been Made, but no action has been taken.

# Argument

In Windom v. State 968 s.w. 2d 360 it was established that when a citizen attacks their conviction by way of appeal or habeas corpus, they in fact withdraw from any plea bargain agreement that was made. In this case the plea was not voluntarily, or intelligently made due to numerous factors, such as: Timothy Lee Berry was taking very high dosages of physic medications, proven by his county jail medical records, that left him in an incoherent state, and made it impossible for him to effectively communicate with his appointed counsel. His counsel made him believe that he could receive life without parole, (which is untrue) if he did not accept the plea bargain of fifty years. Even, though, a codefendant had already confessed to holding the victim under water until he stopped breathing, and "drowning" was the cause of death. Timothy Lee Berry's counsel was ineffective, and untruthful, which violates Berry's sixth amendment right to effective counsel. The advice to plea bargain was incompetent advice. Had the relator went to trial by jury there would have been lesser included offenses for the jury to choose from, such as: assault or agg. assault. And based on the fact that the gun shot wounds that Berry confessed

to have inflicted upon the victim were declared to be a non-fatal by autopsy, and not the cause of death". Berry would probally received no more than 20 yrs. for assault or agg. assault. Ochoa v. State 630 S.W. 2d 394". An assault is an attempt to do something, as for example an intentional attempt to do injury, by violence to another, or simply attempt to committ a battery. Tanner v. State 335 S.W. 3d 784. In Exparte Dunham 650 S.W. 2d 521- Relief was granted when counsel was unprepared for trial and convinced applicant to waive a jury and plea bargain when there was no advantage to doing so. This is exactly what happened in this case, and relief should be granted.

## Conclusion

The relator is entitled to the issuance of a Writ of Mandamus compelling the respondent to act upon his 11.07 Writ of habeas corpus, and to transfer the records of the case to this Court, as law, and justice requires. Martain v. Hamlin 25 S.W. 3d 718 (Tex. Crim. App. 2000)

## Certificate of Service / Inmate Declaration

I, Timothy Lee Berry, declare under the penalty of perjury, that a true and correct copy was mailed to the: Court of Criminal Appeals of Texas, P.O. Box 12308, Capital Station, Austin Tx. 78711 ons. 2-23-15

*Timothy Lee Berry*

Timothy Lee Berry